UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JAMES MICHAEL DAYSON et al.,

        Plaintiffs,                      Case No. 2:12-cv-450

v.                                        Honorable Gordon J. Quist

ACCESS et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by four state prisoners pursuant to 42 U.S.C. § 1983.[1] The Court has granted Plaintiff Dayson leave to proceed *in forma pauperis*, and Plaintiff Dayson has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c). The Court must read Plaintiff Dayson's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff Dayson's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff Dayson's action will be dismissed for failure to state a claim.

---

[1] In an order dated February 8, 2013, the Court dismissed Plaintiffs Savage, Jr., Poland and Shananaquet without prejudice for failure to comply with the Court's deficiency order.

**Factual Allegations**

Plaintiff Dayson presently is incarcerated at the Kinross Correctional Facility. In his *pro se* amended complaint,[2] Plaintiff Dayson sues Access, a Missouri corporation; Union Supply Direct, an Ohio corporation; Jack L. Marcus Company, a Wisconsin corporation; Walkenhorst's, a California corporation; and Swintec, a New Jersey corporation.

Plaintiff Dayson contends that he is a representative of a class of inmates who have purchased MP3 players, televisions or typewriters at grossly inflated prices because Defendants are overcharging for those items in violation of the Michigan Consumer Protection Act, MICH. COMP. LAWS § 445.903(z).[3] Plaintiff also alleges unjust enrichment by Defendants.

Plaintiff seeks monetary damages and injunctive relief.

**Discussion**

I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] On December 26, 2012, Plaintiff filed a motion to amend his complaint and a proposed amended complaint. The Court will grant his motion. *See* Fed. R. Civ. P. 15(a) (a party may amend once as a matter of course before a responsive pleading is served).

[3] The Court notes that Plaintiff Dayson cannot be a representative of other prisoners. Prisoners lack standing to assert the constitutional rights of other prisoners. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *1 (6th Cir. Aug. 6, 1992). As a layman, Plaintiff Dayson may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners. *See O'Malley v. Brierley*, 477 F.2d 785, 789 (3d Cir. 1973); *Lutz v. LaVelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *Snead v. Kirkland*, 462 F. Supp. 914, 918 (E.D. Pa. 1978).

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Defendants are private corporations from which prisoners purchase products. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Plaintiff Dayson has not set forth any allegations supporting a conclusion that Defendants' conduct amounts to state action. The fact that Defendants may contract with the prisons for delivery of MP3 players, TVs, and typewriters to prisoners does not render it a "state actor" for purposes of § 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (nonprofit, privately operated school's receipt of public funds did not make its employee discharge decisions acts of state subject to suit under federal statute governing civil action for deprivation of rights); *McCarthy v. Middle Tenn. Elec. Membership Corp.*, 466 F.3d 399, 412 (6th Cir. 2006) (mere fact that cooperative had contracts with the state did not rise to the level of entwinement necessary to render it a state actor); *Adams v. Vandemark*, 855 F.2d 312, 315-16 (6th Cir. 1988) (fact that nonprofit corporation was funded almost entirely by public sources, and was subject to state regulation, without more, is insufficient to make a private entity's decision to discharge employees attributable to the state for the purpose of a § 1983 action).

In sum, Plaintiff Dayson fails to state a claim against Defendants Access, Union Supply Direct, Jack L. Marcus Company, Walkenhorst's, and Swintec because they are not state actors.

Plaintiff Dayson's claims also fail because he alleges that Defendants violated state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff Dayson's assertion that Defendants violated state law therefore fails to state a claim under § 1983. Moreover, to the extent that Plaintiff Dayson seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding

state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id*. Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff Dayson's state-law claims will be dismissed without prejudice.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment and Order consistent with this Opinion will be entered.

Dated: July 12, 2013                               /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE